IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN JOSEPH OTROMPKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03 C 7198 |
| | ) | |
| CHAIRMAN OF THE COMMITTEE ON | ) | |
| CHARACTER AND FITNESS FOR THE | ) | |
| FIRST JUDICIAL DISTRICT OF ILLINOIS; | ) | |
| ARLEEN ANDERSON; JAMES CARROLL; | ) | |
| EILEEN LETTS; and ILLINOIS BOARD | ) | |
| OF ADMISSIONS TO THE BAR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In October 2003, John Otrompke sued the Chairman of the Committee on Character and Fitness for the First Judicial District of Illinois, along with several members of a panel of that Committee, and the Illinois Board of Admissions to the Bar. At the time, Otrompke's application for admission to the bar was still pending before the Committee on Character and Fitness. Otrompke claimed the defendants' failure to approve his admission to the bar and their delay in granting him a hearing violated his federal constitutional rights. He also asserted several state law claims arising from the same underlying contentions.

On April 14, 2004, the Court ruled that *Younger v. Harris,* 401 U.S. 37 (1971), required the Court to abstain from considering the merits of Otrompke's claims because the state proceedings regarding his admission to the bar were ongoing, implicated important state interests, and offered Otrompke an adequate opportunity for review of his federal constitutional

claims. *Otrompke v. Chairman of Comm. on Character & Fitness,* No. 03 C 7198, 2004 WL 812993, *3-4 (N.D. Ill. Apr. 14, 2004). Among other things, the Court indicated that it was clear that the Illinois Supreme Court, as the arbiter of attorney admissions, had the ability to hear and determine Otrompke's federal claims. *Id.,* *3 (citing *Hale v. Comm. on Character and Fitness of the State of Illinois,* 335 F.3d 678, 683 (7th Cir. 2003)).

The Court requested further submissions on whether we should stay Otrompke's claims or dismiss them. *Id.,* *5. Otrompke requested a stay. He argued, among other things, that even if he did not prevail in his quest to be admitted to the bar, he intended to pursue a claim for violation of his procedural due process rights based on the contention that the defendants had unduly delayed holding a hearing on his claim. Pl. Motion to Stay at 2. Defendants also took the position that a stay was appropriate, noting that Otrompke could not bring damages claims in connection with his petition to be admitted to the bar. Def. Mem. Regarding Whether Dismissal or Stay is Appropriate at 1. The Court granted the motion for a stay.

Around the same time, a hearing panel of the Committee on Character and Fitness recommended that Otrompke not be certified for admission to the bar. The Illinois Supreme Court thereafter denied Otrompke's petition for review, and as a result he was not admitted to the bar. The defendants then moved to dismiss the case for lack of subject matter jurisdiction, relying on the so-called *Rooker-Feldman* doctrine, which holds that federal courts have no jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923). The Court concluded that *Rooker-Feldman* indeed barred this Court from reviewing the denial of bar admission and dismissed Otrompke's claims to that extent. *See* Order of Nov. 16, 2004. The Court went on to say, however, that we were "unable to say at this juncture that [Otrompke]

cannot, as a matter of law, sustain a claim of a separate injury arising from a procedural due process violation in the course of an otherwise unchallengeable determination" – and defendants had cited no authority supporting such a contention. *Id.* So we declined to dismiss the remainder of Otrompke's claims.

Otrompke then was granted leave to file a second amended complaint, adding a new claim. In the new claim, Count 6, Otrompke alleges that he may seek readmission to the bar, and he asks the Court to declare unconstitutional Illinois Supreme Court Rules 708(b) and 710, as well as Illinois Bar Admission Rules 4.2, 4.3, 9,1, and 9.2. Defendants have moved to dismiss, arguing that Otrompke is again attempting to challenge the denial of his petition for admission to the bar. Though that is not our sense of what Count 6 involves, we take this opportunity to revisit the *Rooker-Feldman* issue.

The Supreme Court recently clarified the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 125 S.Ct. 1517 (2005). In that case, the Court said that the doctrine "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1521-22. In view of the way the Court articulated the rule of *Rooker-Feldman,* and because Otrompke's lawsuit was commenced before the Illinois Supreme Court had ruled, an argument could be made that it is not barred by *Rooker-Feldman,* as clarified in *Exxon Mobil*. This point pertains not only to Count 6, but also to the other claims that the Court previously found to be barred by *Rooker-Feldman*.

Defendants argue that even if *Rooker-Feldman* does not bar Count 6, the claim is barred by the doctrine of claim preclusion. *Cf. Exxon Mobil,* 125 S.Ct. at 1522 ("*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine ...."). Under 28 U.S.C. § 1738, a federal

3

court must give a state court judgment the same preclusive effect that it would be given by a court of that state. *Exxon Mobil,* 125 S.Ct. at 1527. In Illinois, the doctrine of claim preclusion, or *res judicata,* bars relitigation of claims that were or could have been made in an earlier proceeding. *River Park, Inc. v. City of Highland Park,* 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998). A claim is precluded by an earlier judgment if the two cases involve the same parties or their privies and the same causes of action, and the earlier action concluded in a final judgment on the merits. *Id.*

Count 6, as defendants read it, includes both a challenge to the cited rules as they were used in Otrompke's failed attempt to gain admission to the bar, and a facial challenge to those rules as they may be applied in the future. The requirements for claim preclusion are plainly met with regard to any claim in Count 6 that challenges the failure of Otrompke's application for admission. First, the "cause of action" involved in both the Illinois bar admission proceedings and Count 6 concerns the procedures and rules used, and the matters relied upon, in denying Otrompke admission to the bar. Second, the same parties – the Committee on Character and Fitness and the Board of Admissions to the Bar – are involved in both proceedings. Third, the Illinois Supreme Court's denial of review was a judgment on the merits. *Hale v. Comm. on Character and Fitness for the State of Illinois,* No. 01 C 5605, 2002 WL 398524, *5 (N.D. Ill. Mar. 13, 2002).

Otrompke could have mounted an attack on the Supreme Court Rules and Bar Admission Rules in question before the Committee's panels and the Illinois Supreme Court. *See Otrompke,* 2004 WL 812993, *3 (citing *Hale,* 335 F.3d at 683). Indeed, this Court's earlier ruling made it clear that "the Illinois Supreme Court is capable of resolving [Otrompke's] federal claims." *Id.,* *5.

4

Otrompke does not suggest that he could not asserted have his claims in the context of the bar admission proceedings. Rather, he contends he was not required to do so. Specifically, Otrompke contends that because he reserved the right to pursue his federal claims in federal court, the claims are not barred. In this regard, Otrompke relies on *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411 (1964). *England* permits a plaintiff who files a case in federal court before state proceedings begin to tell the state tribunal that he wishes to litigate his federal claims in federal court. This permits the federal court to engage in what is referred to as *Pullman* abstention, that is, where the federal court stays a case with parallel state proceedings to permit the state court to clarify an issue of state law, while permitting the plaintiff to return to the federal court for determination of the federal claims after the state court has decided the state law issue. *See Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496 (1941).

In this case, however, the Court abstained not under *Pullman,* but rather under *Younger v. Harris. England* reservation does not apply in the *Younger* context, "where the purpose of abstention is not clarification of state law, but reluctance to interfere with an ongoing state judicial proceeding." *Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico,* 889 F.2d 1181, 1183 (1st Cir. 1989) (Breyer, J.). *See, also, e.g., Communications Telesystems Int'l v. California Public Utility Comm'n,* 196 F.3d 1011, 1019 (9th Cir. 1999); *United Parcel Service, Inv. v. California Public Utility Comm'n,* 77 F.3d 1178, 1184 n.5 (9th Cir. 1996); *Temple of the Lost Sheep Inc. v. Abrams,* 930 F.2d 178, 182-83 (2d Cir. 1991). For this reason, Otrompke was not entitled to *England* reservation of his constitutional challenge to the cited rules as they were applied to him. Indeed, part of the basis for *Younger* abstention is the proposition that the state forum in which proceedings were ongoing at the time the federal suit was filed is adequate to determine the plaintiff's federal claims. *See, e.g., Steffel v. Thompson,* 415 U.S. 452, 460-61

5

(1974).

Defendants argue that Otrompke's challenge to future application of the rules is similarly barred by claim preclusion. Otrompke says that he plans to reapply for admission and that he is entitled to prospective determination of whether the cited rules are constitutional on their face. The Court is not persuaded that this claim is barred by the doctrine of claim preclusion. It is true that under Illinois law, a party's failure to raise a constitutional claim in one suit that proceeds to judgment bars the party from raising that constitutional claim in a later suit. *See, e.g., Furgatch v. Butler,* 188 Ill. App. 3d 1060, 1067, 545 N.E.2d 140, 144 (1989). But in the Illinois cases cited by defendants, the operative facts were the same in both the first and second suits. *See id.*[1] In the present situation, that is less than clear; Otrompke's facial challenge involves a prospective future reapplication for admission. Defendants have cited no case in which the Illinois courts have addressed "how they would treat a general prospective challenge to procedural rules that governed prior proceedings in which the plaintiff could have raised identical points." *Stanton v. District of Columbia Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997).

The Court is persuaded by Otrompke's reliance on *Stanton,* which involved a situation similar to the one presented in this case. In that case, the plaintiff litigated several challenges to suspensions of his law license by the District of Columbia bar authorities. He then filed a suit in which he asserted a prospective challenge to various provisions of the District's rules of professional conduct and the procedures governing reinstatement. The defendants argued that

---

[1] The same is true of *Greening v. Moran,* 953 F.2d 301, 305 (7th Cir. 1992), and *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122, 124-25 (7th Cir. 1977), also cited by defendants.

these claims were barred because the plaintiff could have, but had not, challenged these same provisions in the earlier litigation. The court, in a thoughtful decision by Judge Stephen Williams, rejected this argument. As in the present case, the local jurisdiction's courts had not addressed the application of claim preclusion in the specific context at issue. Judge Williams thus looked to "broader principles of claim preclusion" and concluded that

> [l]itigation of the validity of one past course of conduct is not the same "claim" as either (1) litigation over the validity of similar conduct occurring after the acts covered by the initial litigation; or (2) litigation challenging a rule in anticipation of its possible application to similar events occurring or expected to occur after the earlier lawsuit.

*Id.* at 79 (citations omitted). Because the plaintiff's current suit involved "an initial facial attack following prior retrospective litigation," his claim was not barred. *Id.* at 79.

The same is true here. The District of Columbia (the jurisdiction whose claim preclusion rules were at issue in *Stanton*) follows the same "transactional" approach to claim preclusion used in Illinois. *See id.* at 78; *River Park,* 184 Ill. 2d at 313, 703 N.E.2d at 894. The Court is persuaded that under Illinois law, claim preclusion does not bar Otrompke's prospective challenge to the cited rules.

That, however, does not save Otrompke's claim. Defendants have also moved to dismiss Count 6 for failure to state a claim. Count 6 simply cites the rules in question and alleges they are unconstitutional without identifying why. Nor does Otrompke make any effort in his responses to defendants' motion to describe how Count 6 states a claim upon which relief may be granted. Though a plaintiff is not required to plead a legal theory in his complaint, the plaintiff facing a motion to dismiss who makes no effort to explain how he has stated a claim acts at his peril. *See Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995).

7

The only claims that the Court can discern from Count 6 are that it is unconstitutional to allocate to a bar applicant the burden of proving his good character, and that Illinois Bar Admission Rules 4.2 and 4.3 are unconstitutionally vague and overbroad. Neither contention has merit. First, the proposition that it is inappropriate to impose the burden of proof on the applicant has been soundly rejected. *See, e.g., Konigsberg v. State Bar of California,* 366 U.S. 36, 40-41 (1961); *Martin-Trigona v. Underwood,* 529 F.2d 33, 37 (7th Cir. 1976). Second, Otrompke's facial challenge to Rules 4.2 and 4.3 on grounds of overbreadth fails because he has made no showing that those rules are or may be invalid in all their applications, *see Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494 n.5 (1982), and also because he has provided the Court with no basis to believe that either rule reaches a significant amount of constitutionally protected conduct. *See id.* at 494-95; *City of Chicago v. Morales,* 527 U.S. 41, 52-53 (1999). Otrompke's vagueness challenge to the rules is infirm because he has made no effort to show that the criteria the rules list for consideration by the Committee are so subjective or unclear that they promote arbitrary or discriminatory enforcement. *See generally Kolender v. Larson,* 461 U.S. 352, 357 (1983).

For these reasons, the Court grants defendants' motion to dismiss Count 6.

The status of the remainder of Otrompke's claims is a bit murky at this point. The comments made earlier in this decision regarding the Supreme Court's recent clarification of the *Rooker-Feldman* doctrine suggest it may be appropriate to revisit our earlier ruling dismissing certain of Otrompke's claims under that doctrine. Defendants also argue summarily in their present motion that *all* of Otrompke's claims that concern the procedures and methods used and the matters considered in denying his bar application are barred by claim preclusion. But this argument is insufficiently developed in defendants' motion to warrant the Court's consideration

at this point.  If defendants renew the argument in a motion for summary judgment, they should address, among other things, whether the unavailability of damages in the context of the proceedings regarding Otrompke's bar application affects the application of claim preclusion. *See generally* Restatement (2d) of Judgments § 26, comment c (1982).  In addition, as noted in the Court's *Rooker-Feldman* ruling, it remains to be seen whether a claim of denial of procedural due process in the course of an otherwise unchallengeable determination is viable in the present context.  But at this point, because the case is nearing the end of the discovery period, these issues should be addressed, if at all, in a motion for summary judgment, rather than in a motion to dismiss the recently-filed third amended complaint.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss the second amended complaint as to Count 6 but otherwise denies the motion without prejudice [docket # 55-1, 61-1].  Plaintiff's motions for leave to file excess pages and a supplement to his responsive memorandum are granted [docket # 64-1, 67-1].  Plaintiff's motion to extend the discovery cutoff date was previously denied without prejudice and is therefore terminated [# 70-1].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   May 12, 2005