IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH OTROMPKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03 C 7198 |
| | ) |
| CHAIRMAN OF THE COMMITTEE ON | ) |
| CHARACTER AND FITNESS FOR THE | ) |
| FIRST JUDICIAL DISTRICT OF ILLINOIS; | ) |
| ARLEEN ANDERSON; JAMES CARROLL; | ) |
| EILEEN LETTS; and ILLINOIS BOARD | ) |
| OF ADMISSIONS TO THE BAR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

John Otrompke sued the Chairman of the Committee on Character and Fitness of the First Judicial District of Illinois, several members of a panel of that Committee, and the Illinois Board of Admissions to the Bar. At the time, Otrompke's application for admission to the bar was pending before the Committee. He claimed the defendants' failure to approve his admission and their delay in giving him a hearing violated his constitutional rights.

The Court previously ruled that *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny required the Court to abstain from considering the merits of Otrompke's claims. *Otrompke v. Chairman of Comm. on Character & Fitness,* No. 03 C 7198, 2004 WL 812993 (N.D. Ill. Apr. 14, 2004) ("*Otrompke I*"). The Court indicated that it was clear that the Illinois Supreme Court, the final arbiter of attorney admissions, had the ability to hear and determine Otrompke's federal claims. The Court determined to stay the case, rather than dismiss it; Otrompke had made a claim that could not be litigated in connection with his application for admission, specifically, a

claim for damages for violation of procedural due process in the course of the admission proceedings. *Id.* at * 5; Order of Apr. 29, 2004.

The Committee ultimately recommended that Otrompke not be certified for admission, and the Illinois Supreme Court denied his petition for review. The defendants then moved to dismiss pursuant to the so-called *Rooker-Feldman* doctrine, on the ground Otrompke was trying to get review in federal court of the state court judgment denying him admission. The Court granted this motion, except with respect to the claim for procedural due process violations allegedly occurring in the course of the admission proceedings. *See* Order of Nov. 16, 2004. In a later ruling, however, the Court suggested that in light of the Supreme Court's clarification of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 125 S.Ct. 1517 (2005), the *Rooker-Feldman* doctrine might not apply to Otrompke's claims after all. *Otrompke v. Chairman of Comm. on Character & Fitness,* No. 03 C 7198, 2005 WL 1126914, at *2 (N.D. Ill. May 12, 2005) ("*Otrompke II*").

In the meantime, Otrompke had filed an additional claim, seeking a declaration of the unconstitutionality of certain Illinois bar admission rules. The Court ruled in *Otrompke II* that to the extent this claim challenged the prior application of the rules to him, it was barred by the doctrine of claim preclusion, and to the extent it challenged future application, it failed to state a claim. *Otrompke II,* 2005 WL 1126914, at *2-4.

Defendants have now moved for summary judgment on various grounds on Otrompke's remaining claims. Otrompke has filed his own motion for summary judgment as to his due process claim for damages, and has also moved for reconsideration of the Court's ruling dismissing his claim regarding application of the bar admission rules.

2

Assuming for purposes of discussion that the Court's previous *Rooker-Feldman* ruling was incorrect, defendants are nonetheless entitled to summary judgment on all of Otrompke's claims. The Board of Admissions, a state agency, is not a "person" subject to suit under 42 U.S.C. § 1983 or § 1985. *See, e.g., Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005); *Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir. 1999). Otrompke makes it clear in his response that the remaining defendants are sued in their individual capacities, and as such they are "persons" subject to suit, and the state's Eleventh Amendment immunity does not apply to them. But to the extent Otrompke's claims against defendants in their individual capacities attack, on constitutional or other grounds, the denial of Otrompke's application for admission to the bar, those claims are barred by the doctrine claim preclusion. Even if Otrompke did not raise his federal constitutional challenges in the state proceedings, the doctrine of claim preclusion bars a party against whom a final judgment on the merits was entered from asserting against the same party in later litigation any claim he made, or could have made, in the first suit. *See Otrompke II,* 2005 WL 1126914, at *2 (citing *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 302, 703 N.E.2d 883, 889 (1998)).

This leaves only Otrompke's claim for damages based on his contention that his procedural due process rights were violated during the course of the Committee's proceedings that ultimately resulted in the recommendation that his application for admission to the bar be denied. Otrompke appears to assert that the Committee members were biased and that they unreasonably delayed the proceedings. The Court agrees with defendants that they are entitled to quasi-judicial absolute immunity from liability for damages. The defendants were acting under the authority of the Illinois Supreme Court, the ultimate arbiter of attorney admissions, as

the body charged with making recommendations to that Court regarding applicants to the bar. They were performing a judicial, or at least quasi-judicial function, and as such, they are entitled to absolute immunity from suits for damages. *See, e.g., Sparks v. Character and Fitness Comm. of Kentucky,* 859 F.2d 428, 431 (6th Cir. 1988); *Feliciano v. Tribunal Supremo de Puerto Rico,* 78 F. Supp. 4, 12-13 (D.P.R. 1999); *Julien v. Comm. of Bar Examiners for the Practice of Law,* 923 F. Supp. 707, 714-16 (D.V.I. 1996); *Diaz v. Moore,* 861 F. Supp. 1041, 1049 (N.D. Fla. 1994); *Powell v. Nigro,* 601 F. Supp. 144, 147-48 (D.D.C. 1985).

Because the defendants are entitled to summary judgment on these grounds on Otrompke's remaining claims, the Court need not consider their remaining arguments.

**Conclusion**

For the reasons stated above, the Court grants defendants' motion for summary judgment [docket # 129-1]. Otrompke's motion for leave to file a reply is granted [#143-1], but his motion summary judgment on his claim for damages for violation of his due process rights is denied, as the Court has ruled defendants are immune from liability for damages [#124-1]. Otrompke's motion for reconsideration of the Court's ruling dismissing his claim regarding invalidity of the bar admission rules is likewise denied, as the arguments he makes are not well taken in the Court's view [# 94-1 & 2]. Certain of Otrompke's remaining motions were previously denied; these and any other pending motions are terminated as moot [# 99-1, 121-1, 143-1, 145-1]. The Clerk is directed to enter judgment in favor of the defendants.

        /s/ Matthew F. Kennelly
        MATTHEW F. KENNELLY
Date: November 7, 2005        United States District Judge